IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VISHAL PATEL** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 26-1566** |
| | : | |
| **JOHN E. RIFE**, *et al.* | : | |

## ORDER

This 13th day of March, 2026, upon consideration of Petitioner Vishal Patel's Petition for Writ of Habeas Corpus, ECF 1, and the Government's Response, ECF 4, it is hereby **ORDERED** that the Petition is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that:

1. The Court finds that Mr. Patel is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2]

---

[1] The central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4–7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill*, No 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.).

[2] I have previously held that aliens detained well after their entry to the United States are not actively "seeking admission" under the meaning of 8 U.S.C. § 1225(b)(2). *See Jeireb v. Jamison*, 26-cv-0071 (E.D. Pa. Jan. 8, 2026). The Government seeks to distinguish this case, arguing that because Mr. Patel was first "encountered" at the border more than two years ago, he is therefore subject to the rule established by *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). *See* ECF 4 at 4–5. But that fact is a distinction without a difference: it remains the case that Mr. Patel is no longer actively "seeking admission" within the meaning of § 1225(b) as it has been construed by this Court and many others across the country. *See Cabeza Cordero v. Rose*, No. 26-cv-534, at 5–6 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (rejecting a detention based on *Q. Li* because "it is immaterial whether the Government detained Petitioner as an applicant 'seeking admission' under Section 1225(b) when Petitioner first crossed the border in 2022. What matters is that he was not actively seeking admission within the meaning of that Section when he was re-arrested."); *see also Butskhrikdze v. Jamison*, No. 26-cv-730, 2026 WL 446644, at *5 (E.D. Pa. Feb. 17, 2026) (Costello, J.) (collecting cases).

The Government cites *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as persuasive authority for its position. In my view, the majority in that case fails to account for the fact that the use of different

2. The Government shall release Mr. Patel from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **12:00 p.m. ET** on **March 16, 2026**.

3. The Government is temporarily enjoined from re-detaining Mr. Patel for seven days following his release from custody.

4. If the Government pursues re-detention of Mr. Patel, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Patel's removal proceedings.

5. If the Government pursues re-detention of Mr. Patel, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Patel from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this Order. If the neutral immigration judge determines Mr. Patel is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission to move Mr. Patel if unforeseen or emergency circumstances arise that require his removal from this District. That request must set forth the grounds for the request and a proposed destination.

     /s/ Gerald Austin McHugh
     United States District Judge

---

terms between § 1225 and § 1226, such as "arriving aliens" and "inspection by immigration officers," strongly suggests that Congress intended to address two distinct situations. The Supreme Court appears to have recognized as much in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). The majority opinion also fails to recognize that its construction of the statute would necessarily render some parts of § 1226 superfluous, a result to be avoided. Shifting to a broader lens, one is hard-pressed to accept that Congress intended to mandate detention of all immigrants in the United States who lacked permission to enter, and even more hard-pressed that it would have done so in such an opaque fashion. This is reinforced by the fact that no prior Administration has adopted the view now advanced by the Government.

Considering that an overwhelming majority of federal courts nationwide have reached a different result, *Buenrostro-Mendez* is an outlier. The *sensus curiae*—akin to the theological concept of *sensus fidelium*—is that cases such as this fall within 8 U.S.C. § 1226(a). I continue to endorse that consensus.